McALLISTER NAVIGATION COMPANY, INC., Plaintiff, *v.* DELAWARE-HUDSON STEAMSHIP COMPANY, INC., and Another, Defendants.*

Supreme Court, New York County, August 27, 1927.

Parks — Bear Mountain Park — action by plaintiff to restrain defendant from receiving and transporting passengers from New York city to Bear Mountain Park — Commissioners of park chartered boats to plaintiff and agreed to its exclusive privilege to dock except Hudson River Day Line and excursion boats — contract was within powers of Commissioners under Laws of 1920, chap. 283 — temporary injunction granted.

The plaintiff entered into a contract with the Commissioners of Bear Mountain Park whereby the Commissioners chartered certain boats to plaintiff and agreed that it would have the exclusive right to transport passengers between New York city and the park with the exception that the Hudson River Day Line and excursion boats might use the dock. This action is to restrain the defendant from infringing on that privilege.

The Commissioners had the power and it was their duty under chapter 283 of the Laws of 1920 to provide for the transportation of passengers and, therefore, the contract entered into with the plaintiff was valid. To permit the defendant to operate boats at times when the traffic is profitable might seriously interfere with plaintiff and result in the abandonment of the daily transportation facilities. A temporary injunction is granted.

APPLICATION by the plaintiff for a temporary injunction.

———————— for the plaintiff.

———————— for the defendants.

CALLAHAN, J. This is an application for a temporary injunction restraining the defendant from receiving and transporting passengers by steamer from New York city to Bear Mountain Park, territory under control of the Palisades Interstate Park Commission. The facts are not disputed. On the 20th day of January, 1926, the Commissioners of the Palisades Interstate Park entered into a written agreement with the plaintiff whereby it

---

* See, also, 222 App. Div. 535.

484 McAllister Nav. Co., Inc., *v.* Delaware-H. SS. Co., Inc.

Supreme Court, August, 1927. [Vol. 131

chartered to the plaintiff certain steamers owned by the Commission, plaintiff agreeing to operate said steamers daily from New York city to Bear Mountain. The contract contained specific provision regulating the schedules, rates and facilities in connection with the operation of said boats. It agreed that no other steamboat lines would be permitted to be operated from New York to Bear Mountain Park, excepting that of the plaintiff and excepting the permission to the Hudson River Day Line to dock its boats at Bear Mountain dock, and further excepting excursion boats. Defendant heretofore commenced an action in this court against the Commissioners and others, including the plaintiff, for an injunction against the continuance of said contract, on the ground, among others, that the commission had exceeded its powers in making said contract. An application for a temporary injunction in said action was denied. (*Delaware-Hudson Steamship Co.* v. *Commissioners of Palisades Interstate Park*, opinion by WALSH, J.*)

The learned justice at Special Term held that the contract made was within the powers of the Board of Commissioners. This court agrees with that determination. The powers of the Commissioners are defined by statute. Chapter 283 of the Laws of 1920 states: " The board of commissioners may also erect and operate elevators and escalators at such places in the park as the board may deem necessary or expedient and may provide and operate such other facilities, including any and all means of transportation to, from or in said park, for the use and enjoyment of such park by the public and for increasing the accessibility to the park of such public as the board may deem to be necessary or expedient, and the said board may also provide, at its discretion, by a proper rule or regulation, for the terms upon which, and the manner in which, all such facilities may be used."

The sole question involved here is the right of the Commissioners to grant an exclusive privilege for a term of years to the plaintiff to conduct steamboat lines between New York city and Bear Mountain Park. Defendant contends that the statutory provision that the Commissioners " may provide and operate * * * means of transportation " requires the Commissioners to operate the boats themselves. I cannot agree with such construction. The Commissioners for a time operated the vessels themselves, and their

---

* The opinion of WALSH, J., in full, dated September 3, 1926, was as follows:

It clearly appears that the sole object of the Palisades Interstate Park Commission in making the contract challenged by the plaintiffs was the promotion of the interests and convenience of the general public, and the plaintiffs have failed to establish that the permission given to the defendant charterer under the terms of the contract to run the commission's boats to places other than the park has been detrimental to the park service. Motion for preliminary injunction denied.

experience proved that this method was a losing venture. They then entered into the present contract. Not only were Commissioners given the right, but they were charged with the duty of providing means of transportation to and from the park for the use and enjoyment of such park by the public and for increasing the accessibility to the park of the public. It is quite apparent that, in order to accomplish the end sought, it was necessary to establish regular lines of transportation. This has been accomplished by the contract involved. If, in the opinion of the Commission, it required the granting of an exclusive privilege to the plaintiff, such exclusive privilege was within its powers unless expressly forbidden by law. It is quite apparent that, without a provision making such privilege exclusive, daily transportation could not be furnished. The defendant, on the other hand, is now operating steamboats from New York to Bear Mountain Park, and advertising that it is doing so, and conducting a regular line of steamboats between these points. However, it does not run its lines daily, for the apparent reason that in bad weather and at certain times of the year such operation is unprofitable. It does, however, run its boats on such days as it feels that it can do so with profit to itself. It is entirely without regulation or supervision on the part of the Commissioners. Its competition with the plaintiff may result in the inability of the plaintiff to continue the operation of the boats daily under its contract with the Commissioners, and thus bring about a cessation of the daily transportation facilities to and from the park. I feel that under the circumstances the plaintiff is entitled to the protection of the court to prevent the continuance of the injury to it that the operation of the defendant's boats entails. Equitable power to grant an injunction under such circumstances exists. (*Brooklyn City Railroad Co.* v. *Whalen,* 191 App. Div. 737; affd., 229 N. Y. 570; *People ex rel. New York Cent. & H. R. R. R. Co.* v. *Public Service Commission,* 195 id. 157.)

Motion granted. Settle order on notice.